13 APR -8. AM 10: 11

DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO FIGUEROA,<br><br>                          Petitioner,<br><br>v.<br><br>MELISSA LEA, Warden,<br><br>                          . Respondent. | Civil No.      12-2882 BEN (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, and**<br><br>**(2) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**<br><br>**[ECF No. 7]** |

On December 3, 2012, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1.] By Order dated December 17, 2012, the Court dismissed the case without prejudice and with leave to amend for Petitioner's failure to pay the filing fee or provide adequate proof of his inability to pay the fee. [ECF No. 3.] Petitioner was advised that he could proceed with the case if he paid the filing fee or provided the requisite proof of his inability to pay the fee no later than February 12, 2013.  On January 22, 2013, Petitioner filed a Motion for Leave to Proceed In Forma Pauperis. [ECF No. 4.] The Court denied Petitioner's Motion because it appeared he had sufficient funds in his prison trust account to pay the fee, and instructed Petitioner to pay the fee no later than April 2, 2013, to proceed with the case.

1  [ECF No. 5.]  On March 18, 2013, Petitioner submitted a second Motion to Proceed In

2  Forma Pauperis.  [ECF No. 7.]

3  ## APPLICATION TO PROCEED IN FORMA PAUPERIS

4      Petitioner has $1.88 on account at the California correctional institution in which

5  he is presently confined.  Petitioner cannot afford the $5.00 filing fee.  Thus, the Court

6  **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner

7  to prosecute the above-referenced action as a poor person without being required to

8  prepay fees or costs and without being required to post security.  The Clerk of the Court

9  shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

10  ## FAILURE TO NAME PROPER RESPONDENT

11      Review of the Petition reveals that Petitioner has failed to name a proper

12  respondent.  On federal habeas, a state prisoner must name the state officer having

13  custody of him as the respondent.  Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir.

14  1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254).  Federal courts lack personal jurisdiction

15  when a habeas petition fails to name a proper respondent.  See id.

16      The warden is the typical respondent.  However, "the rules following section 2254

17  do not specify the warden."  Id.  "[T]he 'state officer having custody' may be 'either the

18  warden of the institution in which the petitioner is incarcerated . . . or the chief officer

19  in charge of state penal institutions.'"  Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254

20  advisory committee's note).  If "a petitioner is in custody due to the state action he is

21  challenging, '[t]he named respondent shall be the state officer who has official custody

22  of the petitioner (for example, the warden of the prison).'"  Id. (quoting Rule 2, 28

23  U.S.C. foll. § 2254 advisory committee's note).

24      A long-standing rule in the Ninth Circuit holds "that a petitioner may not seek [a

25  writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is

26  in custody.  The actual person who is [the] custodian [of the petitioner] must be the

27  respondent."  Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968).  This

28  requirement exists because a writ of habeas corpus acts upon the custodian of the state

prisoner, the person who will produce "the body" if directed to do so by the Court.

1 "Both the warden of a California prison and the Director of Corrections for California
2 have the power to produce the prisoner." <u>Ortiz-Sandoval</u>, 81 F.3d at 895.

3      Here, Petitioner has incorrectly named "Melissa Lea," as Respondent. In order for
4 this Court to entertain the Petition filed in this action, Petitioner must name the warden
5 in charge of the state correctional facility in which Petitioner is presently confined or the
6 Director of the California Department of Corrections. <u>Brittingham v. United States</u>, 982
7 F.2d 378, 379 (9th Cir. 1992) (per curiam).

8 **CONCLUSION AND ORDER**

9      Accordingly, the Court **GRANTS** Petitioner's request to proceed in forma
10 pauperis and **DISMISSES** the Petition without prejudice and with leave to amend due
11 to Petitioner's failure to name a proper respondent. To have this case reopened,
12 Petitioner must file a First Amended Petition <u>no later than</u> **June 7, 2013** in conformance
13 with this Order. ***The Clerk of the Court is directed to send Petitioner a First Amended***
14 ***Petition form along with a copy of this Order.***

15      **IT IS SO ORDERED.**

16 DATED: April //, 2013

17                          HON. ROGER T. BENITEZ
                         United States District Judge

18

19 Copies to: ALL PARTIES

20

21

22

23

24

25

26

27

28

12cv2882