13 APR -8 AM 10: 11

DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

JOSE ALFREDO FIGUEROA,
Petitioner,

v.

MELISSA LEA, Warden,
Respondent.

Civil No. 12-2882 BEN (BLM)

**ORDER:**

**(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, and**

**(2) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**

**[ECF No. 7]**

On December 3, 2012, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1.] By Order dated December 17, 2012, the Court dismissed the case without prejudice and with leave to amend for Petitioner's failure to pay the filing fee or provide adequate proof of his inability to pay the fee. [ECF No. 3.] Petitioner was advised that he could proceed with the case if he paid the filing fee or provided the requisite proof of his inability to pay the fee no later than February 12, 2013. On January 22, 2013, Petitioner filed a Motion for Leave to Proceed In Forma Pauperis. [ECF No. 4.] The Court denied Petitioner's Motion because it appeared he had sufficient funds in his prison trust account to pay the fee, and instructed Petitioner to pay the fee no later than April 2, 2013, to proceed with the case.

[ECF No. 5.] On March 18, 2013, Petitioner submitted a second Motion to Proceed In Forma Pauperis. [ECF No. 7.]

**APPLICATION TO PROCEED IN FORMA PAUPERIS**

Petitioner has $1.88 on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

**FAILURE TO NAME PROPER RESPONDENT**

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long-standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court.

"Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

Here, Petitioner has incorrectly named "Melissa Lea," as Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

**CONCLUSION AND ORDER**

Accordingly, the Court **GRANTS** Petitioner's request to proceed in forma pauperis and **DISMISSES** the Petition without prejudice and with leave to amend due to Petitioner's failure to name a proper respondent. To have this case reopened, Petitioner must file a First Amended Petition no later than **June 7, 2013** in conformance with this Order. ***The Clerk of the Court is directed to send Petitioner a First Amended Petition form along with a copy of this Order.***

**IT IS SO ORDERED.**

DATED: April 17, 2013

HON. ROGER T. BENITEZ
United States District Judge

Copies to: ALL PARTIES