UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE FIGUEROA,<br><br>    Petitioner,<br>v.<br><br>MELISSA LEA, Warden, et al.,<br><br>    Respondents | Case No. 12-CV-2882-BEN (BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER DENYING PETITIONER'S MOTION FOR STAY AND ABEYANCE**<br><br>[ECF No. 16] |

  This Report and Recommendation is submitted to United States District Judge Roger T. Benitez pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California. Currently before the Court is a motion to stay and abey federal proceedings while Petitioner Jose Figueroa, a state prisoner, proceeding *pro se* and *in form pauperis*, exhausts his claims in state court. ECF No. 16.

  On October 30, 2010, Petitioner filed a Petition for Writ of Habeas Corpus in case number 10-CV-2274-MMA (JMA). See Docket for Case No. 10-CV-2274-MMA (JMA). The petition alleged eight claims that are identical to the claims found in Petitioner's current First Amended Petition ("FAP") [ECF No. 9 ("FAP")], discussed below. See Docket for Case No. 10-CV-2274-MMA (JMA) at ECF No. 1. On February 8, 2011, Petitioner also filed a Motion to Stay and Abey in Case No. 10-CV-2274-MMA (JMA) which was denied in part and granted in part. See Id. at ECF Nos. 8 &

19. The court denied Petitioner a stay and abeyance under Rhines, but granted Petitioner a stay pursuant to Kelly provided that he withdraw his unexhausted claims (claims three though eight) within thirty days of the September 2, 2011 order. Id. at ECF No. 19. On October 15, 2011, Petitioner filed a motion to stay enforcement of the Court's September 2, 2011 order so that he could challenge the order on appeal. Id. at ECF No. 23. The Court denied Petitioner's request for a certificate of appealability, but granted the motion to stay enforcement of the order. Id. at ECF No. 24. The Ninth Circuit dismissed Petitioner's appeal for lack of jurisdiction on November 15, 2011 [id. at ECF No. 26] and that same day, the Court lifted the stay and ordered Petitioner to withdraw his unexhausted claims within twenty-one days. Id. at ECF No. 27. More than three months later, on February 28, 2012, the Court dismissed Petitioner's petition without prejudice for failing to withdraw the six unexhausted claims as ordered. Id. at ECF No. 30.

On November 13, 2012, Petitioner filed a second Petition for Writ of Habeas Corpus. ECF No. 1 ("Pet."). On December 17, 2012, the Court dismissed the case without prejudice due to Petitioner's failure to pay the filing fee or to file a motion to proceed in forma pauperis. ECF No. 3. On April 24, 2013, Petitioner filed a FAP. ECF No. 9.[1] In response to the FAP, the Court issued a Notice Regarding Possible Dismissal of Petition for Failure to Exhaust State Court Remedies on May 13, 2013. ECF No. 10. In the Notice, the Court stated that Petitioner alleged exhaustion of state court remedies as to his first two claims, but not as to the remaining claims (claims three through eight). Id. at 1. The Notice then presented Petitioner with four options to avoid having his FAP dismissed by the Court. Id. at 2-4. Petitioner failed to adequately respond to the Notice and on August 2, 2013, the Court issued an Order requesting that Petitioner (1) file papers stating that he has in fact exhausted claims three through eight and providing proof of the exhaustion, (2) file a motion voluntarily dismissing his entire federal petition so he may return to state court and exhaust his claims, (3) file a motion asking to abandon his unexhausted claims (claims three through eight) so that he may proceed forward with the exhausted claims (claims one through two), or (4) file a motion to stay this federal

---

[1] On April 24, 2013, Petitioner attempted to open a third case in this Court with the FAP, but the Court dismissed the case and ordered that the petition be filed as the FAP in the instant matter. See Docket for Case No. 13-CV-1018 -JCL (PCL).

proceeding while he returns to state court to exhaust his unexhausted claims. ECF No. 15. In response, Petitioner filed a Motion to Stay and Abey to exhaust his remaining claims in state court. ECF No. 16 ("Mot. Stay"). Respondents were required to file a response, if any, on or before September 20, 2013. ECF No. 15 at 2. No response was filed. See Docket. On October 1, 2013, Respondents filed an application for enlargement of time to file a response to Petitioner's motion to stay. ECF No. 17. In support, Respondents' counsel, Vincent P. LaPietra stated that "Respondent failed to file such a response because the order was incorrectly routed to a previous federal case-file involving the same parties. Respondent was notified of the failure to file on or about September 27, 2013." ECF No. 17-1, LaPietra Declaration at 2. Respondents' motion was granted on October 2, 2013 [ECF No. 18] and Respondents filed an opposition to the motion to stay on October 30, 2013. ECF No. 19.

The Court has considered the motion to stay and opposition as well as the record as a whole. Based thereon, and for the reasons set forth below, the Court **RECOMMENDS** that Petitioner's Motion for Stay and Abeyance be **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner filed the currently-operative FAP on April 24, 2013. In his FAP, Petitioner claims that his constitutional rights were violated when (1) jurors saw the victim crying in the bathroom during a break in her testimony which constituted juror misconduct, (2) aggravated terms were imposed on counts one and four therefore violating Petitioner's Sixth and Fourteenth Amendment rights, (3) an all white jury was used to convict Petitioner who was denied "a trial by his peers and a representative cross section of the community in violation of the Sixth and Fourteenth Amendments to the constitution of the United States," (4) he was required to wear shackles during his trial without receiving notice as to why he had to wear shackles or instructions on how to have the shackles removed, (5) he was unable to effectively assist his counsel due to the treatment he received in prison, (6) he was denied the effective assistance of counsel, (7) he was denied due process of law due to cumulative error, and (8) the trial court failed to establish jurisdiction over Petitioner and his counsel failed to challenge the court's jurisdiction. Id. at 6-18. Petitioner states that the first two claims have been fully exhausted and

that claims three through eight are unexhausted. Mot. Stay at 2.

On August 25, 2013, Petitioner filed a motion to stay. Mot. Stay. In his motion to stay, Petitioner asks the Court to stay his FAP pursuant to Rhines v. Weber, 544 U.S. 269 (2005) "so that he may return to state court to exhaust the unexhausted claims." Id. at 8. Petitioner argues that there is good cause for his failure to exhaust his claims. Id. at 9-11.

## DISCUSSION

### I.   LEGAL STANDARD

A federal court may not consider a petition for habeas corpus unless the petitioner first has presented his claims to the state courts, thereby "exhausting" them. 28 U.S.C.A. §2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 522 (1982). The exhaustion requirement is founded on federal-state comity, as only when the state court has been presented with the claim may it "pass upon and correct alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (quotes and citations omitted). Thus, exhaustion of a habeas petitioner's federal claims requires that they have been "fairly present[ed]" in each appropriate state court, including a state supreme court with powers of discretionary review. Baldwin v. Reese, 541 U.S. 27, 29 (2004). In California, this generally entails direct or collateral presentation to both the lower courts of appeal and the state supreme court, though presentation to the state supreme court alone may suffice. Rieger v. Christensen, 789 F.2d 1425, 1427 (9th Cir. 1986); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). However, claims are not exhausted by mere presentation to the state appellate system. A petitioner must also "alert[ ] [the state] court to the federal nature of the claim." Baldwin, 541 U.S. at 29. A petitioner may indicate a federal claim by citing the source of federal law upon which he relies, or by merely labeling the claim as "federal." Id. at 32.

Claims articulated in a federal habeas petition also must be the "substantial equivalent" of those previously presented to the state courts. Pappageorge v. Summer, 688 F.2d 1294, 1295 (9th Cir. 1982); Vasquez v. Hillery, 474 U.S. 254, 258 (1986) (a petitioner must "present [ ] the substance of his claim to the state courts"). The requirement of substantial equivalency is not rigid, and the state habeas petition may be exhausted even when it does not spell out each

syllable of the federal claim. Delgado v. Lewis, 181 F.3d 1087, 1091 (9th Cir. 1999) (vacated and remanded on other grounds, 528 U.S. 1122 (2000)). Additionally, arguments presented to the federal court may be supplemented with evidence not provided to the state court, so long as the additional information does not "fundamentally alter" the claim. Vasquez, 474 U.S. at 260.

If state remedies have not been exhausted as to any of the federal claims, the habeas petition typically should be dismissed. Castille v. Peoples, 489 U.S. 346, 349 (1989); Rose, 455 U.S. at 522 (requiring dismissal of petitions that contain both exhausted and unexhausted claims, commonly referred to as "mixed petitions"); see also Rhines, 544 U.S. at 274-78 (confirming continued applicability of "total exhaustion" rule even after AEDPA imposed one-year statute of limitations on habeas claims).

Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), all federal habeas petitions are subject to a one-year statute of limitations, and claims not exhausted and presented to the federal court within the one-year period are forfeited. 28 U.S.C. § 2244(d). Generally a court may not consider a "mixed" habeas petition, that is a petition that contains or seeks to present both exhausted and unexhausted claims. Rose, 455 U.S. at 522. If a petitioner presents a mixed petition, the petitioner may seek to stay the exhausted claims while he pursues the unexhausted claims in state court. Rhines, 544 U.S. at 278. Case law has established two alternative procedures for seeking and obtaining a stay, which are set forth in Rhines and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by* Robbins v. Carey, 481 F. 3d 1143 (9th Cir. 2007). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).

Under Rhines, a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present the unexhausted claims. Rhines, 544 U.S. at 276. This stay and abeyance is available only in limited circumstances, and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Id. at 277-78.

A Kelly abeyance requires compliance with the following three-step procedure: (1) petitioner files an amended petition deleting his unexhausted claims; (2) the district court "stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity

to proceed to state court to exhaust the deleted claims"; and (3) petitioner must subsequently seek to amend the federal habeas petition to reattach "the newly-exhausted claims to the original petition." King, 564 F.3d at 1135. However, the petitioner only is allowed to amend his newly-exhausted claims back into his federal petition if the claims are timely under the AEDPA or "relate back" to the exhausted claims in the pending petition. Id. at 1140-41, see also Mayle v. Felix, 545 U.S. 644, 662-664 (2005). A new claim relates back to an existing claim if the two claims share a "common core of operative facts." Mayle, 545 U.S. at 646. A new claim does not "relate back" to an existing claim simply because it arises from "the same trial, conviction or sentence." Id. If the newly-exhausted claim is not timely under the AEDPA or the relation-back doctrine, it may not be added to the existing petition. Haskins v. Schriro, 2009 WL 3241836, *3 (D. Ariz. Sept. 30, 2009). If amendment is futile, a stay is inappropriate. Id. at *7.

## II.   A STAY PURSUANT TO RHINES

Petitioner has failed to establish good cause for a stay pursuant to Rhines. Stay and abeyence pending exhaustion of claims in state court is only available in "limited circumstances" where the petitioner shows good cause for his failure to previously exhaust. Rhines, 544 U.S. at 277. The paramount concern in considering a motion to stay is adherence to AEDPA's twin objectives of encouraging petitioners to "seek relief from state courts in the first instance" and "reduc[ing] delays in the execution of state and federal criminal sentences." Id. at 276; Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008). Petitioner spends his entire motion arguing the merit of his claims, but fails to provide any reason for his failure to exhaust his state remedies prior to filing his federal petition. See Mot. Stay. The lack of good cause is established by numerous facts, including, that approximately three years passed between the California Supreme Court order on direct appeal and the FAP, Petitioner failed to utilize the Kelly stay granted in Case Number 10-CV-2274-MMA (JMA), and Petitioner failed to respond to this Court's first notice of failure to exhaust.

Because Petitioner fails to show good cause for his failure to exhaust his claims, the Court need not consider the whether his arguments are plainly meritless or whether Petitioner engaged in intentionally dilatory litigation tactics. Wooten, 540 F.3d at 1023. The Court therefore

**RECOMMENDS** that Petitioner's motion to stay and abey pursuant to Rhines be **DENIED**.

## III.    A STAY PURSUANT TO KELLY

Because a Rhines stay is not available to Petitioner, the Court will consider if Petitioner is eligible for a stay pursuant to Kelly.  Under the Kelly procedure, a court may grant a stay unless the new and unexhausted claims are untimely and, therefore, may not be added to the existing petition.  Haskins, 2009 WL 3241836 at *7.  To determine whether Petitioner's new claims are untimely, the Court will consider the AEDPA time limits.

### A.    Statute of Limitations

The AEDPA imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.  28 U.S.C. § 2244(d).   The one-year limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2244(d)(1)(A)-(D).  Here, the California Supreme Court denied Petitioner's Petition for Review on February 3, 2010.  Lodgment 1 at 2.  The statute of limitations began to run ninety days later on May 4, 2010.[2]  Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (limitations period does not begin until after expiration of ninety-day period for seeking certiorari).  Absent tolling, the limitations period expired one year later on May 4, 2011.  28 U.S.C. § 2244(d).  Petitioner filed a federal petition for writ of habeas corpus on October 30, 2010.  See Docket for Case No. 10-CV-2274-MMA (JMA) at ECF No. 1.  While that petition was timely and left Petitioner

---

[2] Where a Petitioner pursues direct appeal, but does not seek certiorari, a conviction becomes final after the ninety days in which certiorari may have been sought.  Here, Petitioner filed a Petition for Certiorari in the United States Supreme Court, but that was dismissed as untimely on June 24, 2010 and, accordingly, does not impact the date of finality.  Lodgment 1 at  3.

with approximately six months (179 days) left in the statute of limitations period, the petition was dismissed without prejudice on February 28, 2012 [id. at ECF No. 30] and Petitioner did not file another federal petition until nine months later, on November 13, 2012. ECF No. 1.

The AEDPA tolls its one-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law". Evans v. Chavis, 546 U.S. 189, 191 (2006) (emphasis in original). Here, Petitioner did not seek collateral review in state court and is not entitled to any statutory tolling.[3] Without tolling, Petitioner's Petition and FAP are well past the May 4, 2011 statute of limitations and untimely.[4] Because Kelly requires a claim to be timely, a stay in this case would be futile. Even if the unexhausted claims relate back to the petition [ECF No. 1], since the petition itself is untimely, a stay under Kelly would still be futile. In addition, even if the unexhausted claims relate back to the first federal petition Petitioner timely filed in Case No. 10-CV-2274-MMA (JMA), since the petition was properly dismissed, a stay under Kelly is not available.[5] The Court therefore

---

[3] While the statute of limitations period is subject to both statutory and equitable tolling, Petitioner has not presented any argument that he is entitled to equitable tolling, nor has he presented any evidence that would support such an argument. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (Petitioner bears the burden of establishing his entitlement to equitable tolling).

[4] This is true even though Petitioner's first federal petition in Case No. 10-CV-2274-MMA (JMA) was timely filed. Petitioner is not entitled to any statutory tolling during the pendency of that habeas petition. See Bacot v. Clark, 2009 WL 514068, *3 (C.D. Cal. Feb. 27, 2009) (noting that "[w]hile petitioner's earlier federal habeas petition was filed prior to the expiration of the statute of limitations, that habeas petition was dismissed without prejudice to refiling after exhaustion of state remedies. Petitioner is not entitled to any statutory tolling during the pendency of that habeas petition") (citing Duncan v. Walker, 533 U.S. 167, 181-182 (2001) (holding "that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition.")).

[5] See Cyrus v. Hedgpeth, 2012 WL 4372279, * 6 (N.D. Cal. Sept. 24, 2012) (stating that "[a] second petition relates back to, and preserves, the filing date of an earlier petition only if the earlier petition was improperly dismissed by the court") (citing Ford v. Hubbard, 330 F.3d 1086, 1102 (9th Cir. 2003) (relating back second petition where dismissal of mixed petition was improper because district court had not informed *pro se* petitioner of stay option or of petition's status under AEDPA's limitations period), rev'd on other grounds). Here, Petitioner's first habeas petition was not improperly dismissed as the Court provided Petitioner with an opportunity to dismiss his unexhausted claims and proceed on his exhausted claims. See Docket in Case No. 10-CV-2274-MMA (JMA), at ECF Nos. 19 & 27; see also

**RECOMMENDS** that Petitioner's motion to stay and abey pursuant to Kelly be **DENIED**.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order: (1) approving and adopting this Report and Recommendation and (2) **DENYING** Petitioner's Motion for Stay and Abeyance pursuant to Rhines, and **DENYING** a stay pursuant to Kelly, and (3) requiring Petitioner to (a) file a motion asking to abandon his unexhausted claims (claims three through eight) so that he may proceed forward with the exhausted claims (claims one through two), or (b) file a motion to dismiss the petition.

**IT IS ORDERED** that no later than **December 27, 2013**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **January 17, 2014**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

DATED: December 3, 2013

_____
BARBARA L. MAJOR
United States Magistrate Judge

---

Cyrus v. Hedgpeth, 2012 WL 4372279 at * 6 (citing Jefferson v. Budge, 419 F.3d 1013, 1017 (9th Cir. 2005)) (petitioner was entitled to equitable tolling because district court dismissed his mixed petition without giving him the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition so as to present only exhausted claims).