FILED

14 MAR 17 AM 9:16

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE FIGUEROA,<br><br>   Petitioner,<br><br>vs.<br><br>MELISSA LEA, Warden; et al.,<br><br>   Respondents. | CASE NO. 12-CV-2882 BEN (BLM)<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS**<br><br>**(2) DENYING PETITIONER'S MOTION FOR STAY AND ABEYANCE**<br><br>[Docket Nos. 16, 21] |

  Petitioner Jose Figueroa, a state prisoner proceedings *pro se*, filed a motion to stay and abey federal proceedings while he exhausts his claims in state court. (Docket No. 16.) Magistrate Judge Barbara L. Major issued a thoughtful and thorough Report and Recommendation recommending that Petitioner's motion be denied. (Docket No. 21.) Petitioner filed an Objection to the Report and Recommendation. (Docket No. 22.) A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). The court "shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the matter de novo and for the reasons that follow, the Report is **ADOPTED** and the

motion is **DENIED**.

## BACKGROUND

The factual background and procedural history are laid out in the Report and Recommendation. Petitioner filed a First Amended Petition ("FAP") (the operative petition) on April 24, 2013. In his FAP, Petitioner asserted eight claims that his constitutional rights were violated. Petitioner states that claims 1 and 2 have been fully exhausted in state court and that claims 3 through 8 are unexhausted.

On August 25, 2013, Petitioner filed a motion to stay and abey federal proceedings. (Docket No. 16.) In his motion, Petitioner asks the Court to stay his FAP pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), so that he may return to state court to exhaust the unexhausted claims. On December 3, 2013, the magistrate judge issued a Report and Recommendation recommending that the motion to stay and abey federal proceedings be denied. (Docket No. 21.) Petitioner filed an Objection to the Report and Recommendation on December 26, 2013. (Docket No. 22.)

## DISCUSSION

A federal court may not consider a petition for habeas corpus unless the petitioner first has presented his claims in state court, thereby "exhausting" them. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Generally a court may not consider a "mixed" habeas petition, which contains or seeks to present both exhausted and unexhausted claims. *Rose*, 455 U.S. at 522. If a petitioner presents a mixed petition, the petitioner may seek to stay the exhausted claims while he pursues the unexhausted claims in state court. *Rhines*, 544 U.S. at 278. There are two alternative procedures for seeking and obtaining a stay, which are set forth in *Rhines* and *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007). *See King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009).

The Report and Recommendation recommended that the motion to stay and abey federal proceedings be denied under both *Rhines* and *Kelly*. In his Objections,

Petitioner challenges the Report and Recommendation's conclusion that Petitioner has failed to establish good cause for a stay pursuant to *Rhines*. Petitioner does not challenge the Report and Recommendation's conclusion that he is not eligible to a stay pursuant to *Kelly*. (Obj. at 3.)

Under *Rhines*, a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present the unexhausted claims. 544 U.S. at 276. This stay and abeyance is available only in limited circumstances: (1) when there is "good cause" for the failure to exhaust; (2) when the unexhausted claims are potentially meritorious; and (3) when the petitioner did not intentionally engage in dilatory litigation tactics. *Id.* at 277-78. The Supreme Court made clear in *Rhines* that because staying a federal habeas petition frustrates the Anti-Terrorism and Effective Death Penalty Act ("AEDPA")'s objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to first exhaust all his claims in state court, "stay and abeyance should be available only in limited circumstances." *Id.* at 277.

The Report and Recommendation found that Petitioner failed to establish good cause for his failure to exhaust his claims. Petitioner argues that he has good cause because he is untrained in the law and was reasonably confused as to the timeliness of his state habeas petition filing. Petitioner cites *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), for the proposition that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." (*Id.* at 2.) *Pace*, however, is inapposite to the present action. The "good cause" discussed in *Pace* relates to a failure to timely file, while the "good cause" relevant here relates to a failure to previously exhaust claims in state court.

As found in the Report and Recommendation, Petitioner has failed to establish good cause for his failure to exhaust his claims. This lack of good cause is established by the fact that approximately three years have passed between the California Supreme

Court order on direct appeal and the FAP, Petitioner failed to utilize the *Kelly* stay granted in Petitioner's previously filed petition for writ of habeas corpus in Case No. 10-CV-2274 MMA (JMA), and Petitioner failed to respond to this Court's first notice of failure to exhaust. Petitioner's objection is **OVERRULED**.

## CONCLUSION

After a de novo review, the Court fully **ADOPTS** Judge Major's Report and Recommendation. Petitioner's motion for stay and abeyance is **DENIED**. Petitioner is **ORDERED** to either (1) file a motion asking to abandon his unexhausted claims (claims 3 through 8) so that he may proceed forward with the exhausted claims (claims 1 through 2); or (2) file a motion to dismiss the Petition.

**IT IS SO ORDERED.**

DATED: 3/13/14

HON. ROGER T. BENITEZ
United States District Judge