UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE FIGUEROA,<br><br>  Petitioner,<br>v.<br><br>MELISSA LEA, Warden, et al.,<br><br>  Respondents | Case No. 12-CV-2882-BEN (BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITIONER'S FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[ECF No. 27] |

This Report and Recommendation is submitted to United States District Judge Roger T. Benitez pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California. On November 13, 2012, Petitioner Jose Figueroa, a state prisoner who is proceeding *pro se* and *in forma pauperis*, commenced these habeas corpus proceedings pursuant to 28. U.S.C. § 2254.[1] ECF No. 1 ("Pet."). On April 24, 2013, Petitioner filed a first amended petition for writ of habeas corpus. ECF No. 9 ("FAP"). Petitioner challenges his conviction for forcible rape, attempted lewd act on a child fourteen or

---

[1] In determining the filing date of a petition, *pro se* prisoners generally are entitled to the benefit of the "mailbox rule," which dictates that the statutory filing date is the date a document was presented to prison authorities for mailing to the court. See Houston v. Lack, 487 U.S. 266, 276 (1988); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). Here, Petitioner presented his petition to prison authorities on November 13, 2012. See Lopez v. Felker, 536 F.Supp.2d 1154, 1155 n.1 (C.D. Cal. 2008) (filing date is date on which petition was signed).

fifteen years of age, and two counts of lewd act on a child fourteen or fifteen years of age. See Id. at 2; see also Lodgment 6 at 6. Currently before the Court is Respondent's Motion to Dismiss the Petition for being untimely. ECF Nos. 27 and 27-1 ("MTD"). Petitioner failed to file an opposition. See Docket; see also ECF No. 31 (stating that Petitioner shall file his opposition no later than October 28, 2014).

The Court has considered the Petition, Respondent's Motion to Dismiss, and all of the supporting documents submitted by the parties. For the reasons set forth below, the Court **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 1, 2008, a jury found Petitioner guilty of forcible rape, attempted lewd act on a child fourteen or fifteen years of age, and two counts of lewd act on a child fourteen or fifteen years of age. FAP at 2; see also Lodgment 2 at 1. Petitioner was sentenced to twelve years in state prison. FAP at 1; see also MTD at 2.

On March 16, 2009, Petitioner appealed his conviction arguing that there was prejudicial juror misconduct stemming from a trip to the bathroom by some female jurors who may have seen the victim crying in the bathroom and that his sentence violated his right to a jury trial because he was sentenced to the upper terms on two counts "on the basis of facts not found by the jury." Lodgment 6 at 1-2.[2] The California Court of Appeal affirmed the court's ruling on November 23, 2009. Lodgment 6. On December 28, 2009, Petitioner filed a petition for review in the Supreme Court of California raising the same two claims. Lodgment 7. The petition was summarily denied on February 3, 2010. Lodgment 8. Petitioner filed a petition for writ of certiorari in the United States Supreme Court "which was returned to Petitioner with an accompanying letter dated June 24, 2010 from the Office of the Clerk stating 'the petition is out-of-time.'" Lodgment 2 at 2.

On October 30, 2010, Petitioner filed in federal court, a Petition for Writ of Habeas Corpus in case number 10-CV-2274-MMA (JMA). See Docket for Case No. 10-CV-2274-MMA (JMA) at

---

[2] http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=41&doc_id=1200238&doc_no=D052564.

ECF No. 1; lodgment 2. The petition alleged the following eight claims that are identical to the claims initially asserted in Petitioner's FAP: (1) jurors saw the victim crying in the bathroom during a break in her testimony which constituted juror misconduct, (2) aggravated terms were imposed on counts one and four therefore violating Petitioner's Sixth and Fourteenth Amendment rights, (3) an all white jury was used to convict Petitioner who was denied "a trial by his peers and a representative cross section of the community in violation of the Sixth and Fourteenth Amendments to the constitution of the United States," (4) Petitioner was required to wear shackles during his trial without receiving notice as to why he had to wear shackles or instructions on how to have the shackles removed, (5) Petitioner was unable to effectively assist his counsel due to the treatment he received in prison, (6) Petitioner was denied the effective assistance of counsel, (7) Petitioner was denied due process of law due to cumulative error, and (8) the trial court failed to establish jurisdiction over Petitioner and his counsel failed to challenge the court's jurisdiction. See Docket for Case No. 10-CV-2274-MMA (JMA) at ECF No. 1 at 6-13; see also FAP at 6-13.

On February 8, 2011, Petitioner also filed a Motion to Stay and Abey in Case No. 10-CV-2274-MMA (JMA) which was denied in part and granted in part. See Docket for Case No. 10-CV-2274-MMA (JMA) at ECF Nos. 8 & 19; see also Lodgment 4. The court denied Petitioner a stay and abeyance under Rhines, but granted Petitioner a stay pursuant to Kelly provided that he withdraw his unexhausted claims (claims three though eight) within thirty days of the September 21, 2011 order. Docket for Case No. 10-CV-2274-MMA (JMA) at ECF No. 19. On October 15, 2011, Petitioner filed a motion to stay enforcement of the Court's September 21, 2011 order so that he could challenge the order on appeal. Docket for Case No. 10-CV-2274-MMA (JMA) at ECF No. 23; see also Lodgment 4. The Court denied Petitioner's request for a certificate of appealability, but granted the motion to stay enforcement of the order. Docket for Case No. 10-CV-2274-MMA (JMA)  at ECF No. 24; see also Lodgment 4. The Ninth Circuit dismissed Petitioner's appeal for lack of jurisdiction on November 15, 2011 [Docket for Case No. 10-CV-2274-MMA (JMA) at ECF No. 26] and that same day, the Court lifted the stay and ordered Petitioner to withdraw his unexhausted claims within twenty-one days. Docket for Case No. 10-

CV-2274-MMA (JMA) at ECF No. 27; see also Lodgment 4. More than three months later, on February 28, 2012, the Court dismissed Petitioner's petition without prejudice for failing to withdraw the six unexhausted claims as ordered. Docket for Case No. 10-CV-2274-MMA (JMA) at ECF No. 30; see also Lodgment 4.

On November 13, 2012, Petitioner filed a second Petition for Writ of Habeas Corpus. Pet. On December 17, 2012, the Court dismissed the case without prejudice due to Petitioner's failure to pay the filing fee or to file a motion to proceed in forma pauperis. ECF No. 3. On April 24, 2013, Petitioner filed a FAP. ECF No. 9.[3] In response to the FAP, the Court issued a Notice Regarding Possible Dismissal of Petition for Failure to Exhaust State Court Remedies on May 13, 2013. ECF No. 10. In the Notice, the Court stated that Petitioner alleged exhaustion of state court remedies as to his first two claims, but not as to the remaining claims (claims three through eight). Id. at 1. The Notice then presented Petitioner with four options to avoid having his FAP dismissed by the Court. Id. at 2-4. Petitioner failed to adequately respond to the Notice and on August 5, 2013, the Court issued an Order requesting that Petitioner (1) file papers stating that he has in fact exhausted claims three through eight and providing proof of the exhaustion, (2) file a motion voluntarily dismissing his entire federal petition so he may return to state court and exhaust his claims, (3) file a motion asking to abandon his unexhausted claims (claims three through eight) so that he may proceed forward with the exhausted claims (claims one and two), or (4) file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claims. ECF No. 15. In response, Petitioner filed a Motion to Stay and Abey to exhaust his remaining claims in state court. ECF No. 16. Respondents were required to file a response, if any, on or before September 20, 2013. ECF No. 15 at 2. No response was filed. See Docket. On October 1, 2013, Respondents filed an application for enlargement of time to file a response to Petitioner's motion to stay. ECF No. 17. In support, Respondents' counsel, Vincent P. LaPietra stated that "Respondent failed to file such a response because the order was incorrectly routed to a previous federal case-file involving the same parties. Respondent was

---

[3]On April 24, 2013, Petitioner attempted to open a third case in this Court with the FAP, but the Court dismissed the case and ordered that the petition be filed as the FAP in the instant matter. See Docket for Case No. 13-CV-1018 -JLS (PCL) at ECF Nos. 1, 3.

notified of the failure to file on or about September 27, 2013." ECF No. 17-1, LaPietra Declaration at 2. Respondents' motion was granted on October 2, 2013 [ECF No. 18] and Respondents filed an opposition to the motion to stay on October 30, 2013. ECF No. 19.

On December 3, 2013, this Court issued a Report and Recommendation for an order denying Petitioner's motion to stay and abey. ECF No. 21. The Report and Recommendation was adopted by District Judge Benitez on March 17, 2014. ECF No. 23. On May 15, 2014, Petitioner filed a "motion to abandon unexhausted claims (claims 3-8) and to proceed forward with the exhausted claims (1-2)." ECF No. 25. The motion was granted [ECF No. 26] and Respondents filed a motion to dismiss the FAP on July 9, 2014. ECF No. 27. After requesting additional time in which to file a response, Petitioner failed to file an opposition. See Docket.

## SCOPE OF REVIEW

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (West 2012).

## DISCUSSION

Petitioner alleges that due process requires that his conviction be reversed because some of the female jurors deciding his case went to the bathroom where they may have seen Petitioner's victim crying and because the aggravated terms of his sentence violated his right to a jury trial. FAP at 6-7. Respondents contend that the petition should be dismissed as untimely. MTD.

The AEDPA imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d) (West Supp. 2012). Section 2244(d)'s one-year limitations period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court." Id. § 2244(d)(1). The one-year limitations period runs from the latest of:

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2244(d)(1)(A)-(D).

  The California Court of Appeal affirmed the judgment of the trial court on November 23, 2009. Lodgment 6. The California Supreme Court denied Petitioner's petition for review on February 3, 2010. Lodgment 8. Petitioner filed a petition for writ of certiorari in the United States Supreme Court, but it was returned for being untimely and, therefore, invalid. Lodgment 2. Accordingly, the statute of limitations began to run ninety days after the denial of Petitioner's petition for review on May 4, 2010.[4] Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (limitations period does not begin until after expiration of ninety-day period for seeking certiorari). Absent tolling, the limitations period expired one year later on May 4, 2011. 28 U.S.C. § 2244(d).

  Petitioner filed a timely federal petition for writ of habeas corpus on October 30, 2010. See Docket for Case No. 10-CV-2274-MMA (JMA) at ECF No. 1; see also Lodgment 1. That petition was dismissed without prejudice on February 28, 2012 [id. at ECF No. 30] and Petitioner did not file another federal petition until November 13, 2012, 559 days after the May 4, 2011 expiration of the statute of limitations. Pet. Because Petitioner did not file his current federal habeas petition until November 13, 2012, the petition is untimely unless sufficiently tolled.

---

[4]Where a Petitioner pursues direct appeal, but does not seek certiorari, a conviction becomes final after the ninety days in which certiorari may have been sought. Here, Petitioner filed a Petition for Certiorari in the United States Supreme Court, but it was dismissed as untimely on June 24, 2010 and, accordingly, does not impact the date of finality. Lodgment 2. The Court notes that neither party provided a copy of the Supreme Court's order or Petitioner's petition for certiorari, nor stated the date the petition was filed. The Court assumes that the petition was filed late but notes that even if this Court were to use June 24, 2010 as the date when the AEDPA statute started running, Petitioner's current federal habeas petition still is untimely.

The AEDPA tolls its one-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law". Evans v. Chavis, 546 U.S. 189, 191 (2006) (emphasis in original). Here, Petitioner did not seek collateral review in state court and therefore is not entitled to any statutory tolling for such state court review.

Petitioner also is not entitled to statutory tolling for the time his first habeas petition was pending in federal court because "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)." Duncan v. Walker, 533 U.S. 167, 181-182 (2001) (holding that "[s]ection "2244(d)(2) did not toll the limitation period during the pendency of respondent's first federal habeas petition"); see also Bacot v. Clark, 2009 WL 514068, *3 (C.D. Cal. Feb. 27, 2009) (noting that "[w]hile petitioner's earlier federal habeas petition was filed prior to the expiration of the statute of limitations, that habeas petition was dismissed without prejudice to refiling after exhaustion of state remedies. Petitioner is not entitled to any statutory tolling during the pendency of that habeas petition."). Without tolling[5], Petitioner's Petition and FAP are untimely as both were filed well after the May 4, 2011 statute of limitations deadline.

Petitioner also cannot rely on the relation back doctrine to prevent dismissal of his untimely petition. Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure applies to habeas proceedings and dictates that a current petition may relate back to an original petition if the amended claim "arose out of the conduct, transaction or occurrence set forth ... in the original pleading." Mayle v. Felix, 545 U.S. 644, 649 (2005) (noting that Rule 15(c) applies to habeas proceedings). However, the Ninth Circuit has clearly held "that a habeas petition filed after the

---

[5]While the statute of limitations period is subject to both statutory and equitable tolling, Petitioner has not presented any argument that he is entitled to equitable tolling, nor has he presented any evidence that would support such an argument. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (Petitioner bears the burden of establishing his entitlement to equitable tolling).

district court dismisses a previous petition without prejudice for failure to exhaust state remedies cannot relate back to the original habeas petition." Raspberry v. Garcia, 448 F.3d 1150, 1155 (9th Cir. 2006); see also Baker v. Ryan, 2014 WL 2921896, *6 (D. Ariz. June 27, 2014). Petitioner's federal habeas litigation history is virtually identical to the one in Raspberry so Petitioner's current petition also does not relate back to the original petition and remains untimely.

The Court therefore **RECOMMENDS** that Respondents' motion to dismiss be **GRANTED**.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered **GRANTING** Respondents' Motion to Dismiss.

**IT IS ORDERED** that no later than **December 24, 2014**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **January 23, 2015.** The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

DATED: November 25, 2014

BARBARA L. MAJOR
United States Magistrate Judge